IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**KENNETH MANDRELL**,

**Plaintiff,**

**v.**

**WAL-MART STORES, INC.,**
**d/b/a WAL-MART.**

**Defendant.**                                              **No. 10-0159-DRH**


## **MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is Wal-Mart Stores, Inc.'s motion for summary judgment (Doc. 15). Plaintiff opposes the motion (Doc. 17). Based on the following, the Court denies the motion for summary judgment.

On October 19, 2009, Kenneth Mandrell filed suit against Wal-Mart Stores, Inc. ("Wal-Mart") in the Williamson County, Illinois Circuit Court (Doc. 3-7). Mandrell alleges that:

> On June 16, 2009 at approximately 11:30 p.m., while the Plaintiff was upon the said business of the Defendant and while the Plaintiff was rightly in a place where he would reasonably be expected as a customer, Plaintiff's foot came into contact with a plastic bottle on or about the parking lot of said premises, thereby proximately causing him to fall.

(Doc. 3-7; ¶ 5). He further alleges that Wal-Mart was negligent in that it: (1) failed to reasonably inspect the parking lot to reasonably discover the dangerous existence of the plastic bottle; (2) maintained the plastic bottle upon the said parking lot area of said premises where persons would reasonably be expected to be as customers; and (3) failed to remove said plastic bottle from said parking lot of the said premises. (Doc. 3-7; ¶ 6). Mandrell alleges that he suffered temporary and permanent injuries.

Thereafter, on February 26, 2010, Wal-Mart removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332 (Doc. 3). On September 23, 2010, Wal-Mart moved for summary judgment arguing that it is entitled to summary judgment because Mandrell has not adduced any evidence that Wal-Mart had actual or constructive knowledge of the empty plastic bottle and that Wal-Mart did not owe a duty to Mandrell because the empty plastic bottle constitutes an "open and obvious" condition. Mandrell opposes the motion arguing that Wal-Mart does not contest that it owned or was in control of the premises; that he fell and that he was injured. Mandrell further argues that a jury could find that he was walking in a manner that was reasonable and that the bottle should have been removed by Wal-Mart. The Court agrees with Mandrell.

## II. Facts

Construing all evidence and all reasonable inferences in Mandrell's

favor, the evidence establishes the following facts.

Around 11:00 p.m. on either June 16, 17 or 18, 2009, Mandrell and a friend, Devin Switzer, visited the Marion, Illinois Wal-Mart store.[1] After shopping at Wal-Mart, Mandrell and Switzer exited the store through the grocery entrance. They walked past the drive-through lanes when Mandrell stepped on a plastic soda bottle and slipped and fell. The bottle did not have a label. It looked like it had been run over several times. At the time of the fall, the lighting in the parking lot was dim. Mandrell is blind in his right eye.

Mandrell admitted that he does not know where the plastic bottle came from, how long it had been on Wal-Mart's parking lot before he fell or whether any Wal-Mart employee was aware of its presence. Switzer testified the same as to the knowledge of the plastic bottle. They both testified that Mandrell could have seen the plastic bottle if he had been looking down when he was walking.

Ricky Brady was an assistant store manager at Wal-Mart in June 2009. Brady received Mandrell's customer statement on June 18, 2009. Brady testified that in June 2009 Wal-Mart had a written policy regarding cleanup. The policy was that all associates are trained to pick up debris and other things in and around the store. Brady testified that cart pushers were responsible for picking up trash on the parking lot. In June 2009, the first shift for a cart pusher began at 7:00 a.m. and the

---

[1] There is a dispute as to the date of the fall. The Complaint alleges that the incident occurred on June 16, 2009. Wal-Mart's assistant manager, Rick Brady, testified that the incident occurred on June 17, 2009. Brady also testified that the surveillance video recorded the incident at 12:30 a.m. on June 18, 2009.

last shift for a cart pusher ended at 10:00 or 11:00 p.m. Basically, there is no cart duty or cleanup duty from 10:00 or 11:00 p.m. until 7:00 a.m.

### III. Summary Judgment Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(a);** *see Celotex Corp. v. Catrett,* **477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);** *Spath v. Hayes Wheels Int'l-Ind., Inc.,* **211 F.3d 392, 396 (7th Cir. 2000)**. In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. **See Fed.R.Civ.P. 56(c)(1);** *Celotex,* **477 U.S. at 322-26;** *Johnson v. City of Fort Wayne,* **91 F.3d 922, 931 (7th Cir. 1996)**. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)**, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* **475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)**. Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* **477 U.S. at 252**.

### IV. Analysis

To recover on a negligence claim under Illinois law, the plaintiff must

establish the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately caused by the breach. ***Pavlik v. Wal-Mart Stores, Inc.*, 753 N.E.2d 1007, 1010 (2001)(citing *Miller v. Nat'l Assoc. Of Realtors*, 648 N.E.2d 98, 100 (1994))**. "If the plaintiff cannot establish an element of her cause of action, summary judgment for the defendant is proper." ***Id.* (citing *Pyne v. Witmer*, 543 N.E.2d 1304, 1307 (1989))**. Illinois law imposes upon businesses a duty to maintain their premises in a reasonable safe condition to avoid injuring their invitees. ***Reid v. Kohl's Dept. Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008)(citing Illinois cases)**. The duty is summarized in § 343 of the Restatement (Second) of Torts:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves and unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

**Restatement (Second) of Torts § 343 (1965)**.

"A business owner breaches its duty to an invitee ... if '(1) the substance was there by the negligence of the proprietor or (2) [its] servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e the proprietor had constructive notice of the substance.'" ***Pavlik*, 753 N.E.2d at 1010 (citing *Haynes***

*v. Bailey*, **400 N.E.2d 544, 546 (1990))**; *see also Culli v. Marathon Petroleum Co.*, **862 F.2d 119, 123 (7th Cir. 1988)**. The critical question is whether the business should have known about the condition - that is, whether it had constructive notice of the condition- such that its failure to detect it and clean it up or warn about it breached its duty of care. *See Reid*, **545 F.3d at 481-82;** *Culli*, **862 F.2d at 123**. Of course, a business is not required to *continuously* patrol the premises on the lookout for dangerous conditions, but it may be required to frequently and carefully patrol in areas where such conditions are likely. *Peterson v. Wal-Mart Stores, Inc.*, **241 F.3d 603, 604-05 (7th Cir. 2001)**.

Based on the circumstances of this case, the Court finds that there are questions of material fact for the jury to determine. A reasonable jury could find that Wal-Mart had constructive notice of the plastic bottle on which Mandrell slipped. The plastic bottle was clear and had been crushed flat. The fact that it was clear and crushed flat suggests that the bottle could have been lying in the parking lot for a long time and that it was hard to see in the dim lighting. Further, the evidence demonstrates that after 10 or 11 p.m. on the night that Mandrell fell Wal-Mart did not have an employee assigned to pick up trash on the parking lot. Based on the record, a reasonable jury could find that Wal-Mart, exercising ordinary care, should have detected the plastic bottle and cleaned it up.

## V. Conclusion

Accordingly, the Court **DENIES** Wal-Mart's motion for summary

judgment (Doc. 15).  Further, the Court **SETS** this matter for Final Pre-Trial Conference on April 4, 2011 at 2:00 p.m.

**IT IS SO ORDERED.**

Signed this 10th day of March, 2011.

David R. Herndon
2011.03.10 09:23:05
-06'00'

**Chief Judge
United States District**